CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/4/2022
JULIA C. DUDLEY, CLERK
BY:  s/ A. Little
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

SAMIA MILLS                                    )
         Plaintiff,                          )
                                             )
v.                                             )
                                             )   Case No.: ___6:22CV00015___
                                             )
                                             )
RIVERSIDE PAWN CO, INC.,                       )
        Defendant.                           )
                                             )

## CLASS ACTION COMPLAINT

## INTRODUCTION

Plaintiff, Ms. Samia Mills, by counsel, on behalf of herself and all others similarly situated, brings this action for damages to redress the harmed caused by a lender, Riverside Pawn Co., Inc. ("Riverside"), for its failure to provide required credit disclosures, usury and violations of the Commonwealth of Virginia's pawnbroker's statute.  The violations of law occurred when Riverside overcharged fees, hid costs, and failed to disclose fees properly. The harm occurred when Plaintiff was required to pay these fees or surrender her property.

This Complaint is filed and these proceedings are instituted under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*., and the Virginia's pawnbroker statute Va. Code Ann. § 54.1-4000, *et. seq*., and Virginia's usury law for a voiding remedy, statutory damages, actual damages, attorney fees and costs because of the Defendants' violations of these consumer protection statutes.

## PARTIES

1. Plaintiff, Ms. Mills, is a sixty-eight year old woman and resident of Amherst County, Virginia.

2. Defendant is a Virginia corporation with its principal office address at 2384 Riverside Drive, Danville, VA 24540

3. Defendant owns, operates and regularly conducts business at stores in Danville, Martinsville, Madison Heights and South Boston, Virginia. The registered agent is Robert Whitt, Jr., attorney at law, 217 Lynn Street, Danville, VA 24541.

4. At all times relevant hereto, in the ordinary course of business, Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed and the debt is initially payable to Defendant, making it a creditor within the meaning of the TILA, 15 U.S.C. § 1602(g) (2022) and 12 C.F.R. ("Reg. Z") § 1026.2(a)(17) (2022).

5. Defendant acknowledges on its website that "Pawnbrokers are governed by all of the major federal laws that apply to entities designed as financial institutions" and include "Patriot Act, Truth in Lending Act" and others. Riverside Pawn, www.riversidepawnva.com/faq, (last visited March 8, 2022).

6. At all times relevant hereto, Defendant operated as a pawnbroker as defined by Virginia law. Va. Code Ann. § 54.1-4000 (2022).

7. Defendant extended Plaintiff a loan for personal, family and household purposes.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331 (2022).

9. This Court has supplemental jurisdiction over Ms. Mills's state law claims pursuant to 28 U.S.C § 1367(a) (2022).

10. Venue is proper in the Western District of Virginia, Lynchburg Division under 28 U.S.C. § 1391(b) (2022).

## FACTS

11. Defendant operates multiple pawn shops throughout Virginia and North Carolina.

12. For its locations in Virginia, three classes of fees and interest are imposed by the Defendant on its borrowers: interest, storage fees, and a service fee.

13. By law, the interest can be no more than 5-10% per month (60-120% annually) depending on the amount of the loan extended by Defendant.

14. By law, the storage fee cannot exceed five percent (5%) of the amount loaned.

15. By law, the service fee, called the "ERM" fee, for making daily electronic reports to law enforcement cannot exceed the lesser of five percent (5%) or three dollars ($3.00).

16. Defendant had an established business practice of always charging an ERM fee of 5% of the amount borrowed.

17. Defendant's established business practice was to charge an ERM fee of 5% even when that fee exceeds $3.00.

18. Defendant's established business practice was to require its Virginia borrowers to pay the ERM fee or forfeit their property.

19. Defendant's established business practice violated Virginia law. Va. Code Ann. § 54.1-4009(c)(1) (2022).

20. Whether Defendant will change how it charges the ERM fee before answering this Complaint is unknown to Plaintiff.

21. Ms. Mills obtained several pawn loans from Riverside in 2021.

22. On each loan Defendant charged her an ERM fee of 5% even when that fee exceeded $3.00.

23. After each loan was made, Defendant required her to pay the ERM fee or forfeit her property.

24. Specifically, Ms. Mills obtained loans in April 2021, June 2021, July 2021 and October 2021.

25. As a part of each loan, Ms. Mills pledged property and family jewelry.

26. For some of the loans that she received. Ms. Mills was able to redeem and pay cash to Riverside in the amount Riverside required.

27. For other loans, she paid the loans by Riverside retaining the property she had pledged.

28. One loan was made by Riverside on April 7, 2021. This loan was for $530 and Ms. Mills pledged ten pieces of jewelry. <u>See</u> Exhibit A.

29. Riverside listed the total finance charge for this April loan as $68.90.

30. Riverside disclosed this $68.90 finance charge as an annual percentage rate of 156%.

31. The finance charge included interest, a storage charge and the "ERM" fee.

32. Riverside charged interest of $26.50—which was the rate of 5% per month or a 60% annual rate of interest.

33. The interest charged by Riverside was the maximum allowed by law. Va. Code Ann. § 54.1-4008(A) (2022).

34. Riverside charged a storage charge of $26.50- which was calculated as 5% of the amount loaned.

35. The storage fee charged by Riverside was the maximum allowed by law. Va. Code Ann. § 54.1-4008(A) (2022).

36. Riverside charged an ERM fee for the April loan of $15.90.

37. The ERM fee by Riverside exceeded the maximum amount of $3.00 by $12.90.

38. This $12.90 was an unlawful fee.

39. The maximum lawful total finance charge by Riverside in this transaction was $56.00.

40. Because Riverside charged more than $3.00 for the ERM fee, it increased the maximum lawful finance charge in this transaction by 23% ($12.90/$56.00).

41. Ms. Mills redeemed the property by paying the amount due in full of $598.90 in May of 2021.

42. The $598.90 paid by Ms. Mills included a $12.90 unlawful charge.

43. If she had not paid the full $598.90, Riverside would have kept all or some of her property to pay for the amount owed.

44. Under Virginia law, the excess $12.90 charged by Defendant was additional interest that rendered the monthly amount of interest collected 7.4% or an annual rate of 88.8%.

45. Any fees, costs or compensation paid for the loan to Defendant is a finance charge that Defendant must disclose properly under the TILA.

46. Defendant overcharged Ms. Mills and all similarly situated people for the ERM fee.

47. Due to the actions of Defendant, Ms. Mills and all members of the putative class paid unlawful amounts of fees and interest to Riverside, either in cash by or by Riverside retaining their property to pay that unlawful amount.

## CLASS ACTION ALLEGATIONS

48. Pursuant to Rule 23 of the Federal Rules of Civil procedure, Plaintiff bring this action for herself and on behalf of a class initially defined as follows:

> All borrowers from any of Defendant's Virginia locations who obtained loans from Riverside with an ERM service fee of $3.01 or more, and who paid that fee, either in cash or by Riverside retaining their property, within two years of the date of the filing of this Complaint.

49. Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, Plaintiff alleges that the class members are so numerous that the joinder of all is impractical. The names and address of the class members are identifiable through the internal business records maintained by Defendant, and the class members may be notified of the pendency of this action by published and/or mailed notice.

50. Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual

or legal issues that differ between the putative class members. The principal issues are:

A.  Whether Defendant charged an ERM fee in excess of the amount permitted by law and the contract.

B.  Whether Defendant provided TILA disclosures that were inaccurate, hid unlawful fees and were in error.

C.  Whether Defendant's conduct violated the TILA.

D.  Whether Defendant's conduct violated the Virginia pawnbroker statute and the Virginia Consumer Protection Act (VCPA).

E.  Whether Defendant's conduct violated Virginia's usury laws.

F.  The proper remedy under the law for Defendant's conduct.

51. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

52. <u>Adequacy of Representation</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the putative class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she has and intends to continue to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor her counsel have any interests which might cause her not to vigorously pursue this action.

53. <u>Injunctive and Declaratory Relief</u>. Fed. R. Civ. P. 23(b)(2). The Defendant has acted generally towards the class such that final injunctive and corresponding declaratory relief is appropriate regarding the class as whole. In particular, all the prior loans should be declared usurious and void under Virginia law, and further

Defendant should be prohibited from assessing this fee from any class member in the future.

54. <u>Predominance and Superiority</u>. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

#### Truth in Lending Act Violations

55. The preceding paragraphs are incorporated as if set forth fully herein.

56. The TILA requires that a creditor provide closed-end credit disclosures and a creditor must do so in a certain manner.  15 U.S.C. § 1638 (2022).

57. TILA disclosures are needed to "assure meaningful disclosure of credit terms" and to "protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a) (2022).

58. The creditor must disclose the following material disclosures: the finance charge for the transaction, the annual percentage rate, total of payments and the payment schedule.  15 U.S.C. § 1638(a) (2022).

59. The creditor must disclose the amount of any charges, other than the finance charge, or an explanation of how the charge will be determined.  See 12 C.F.R. ("Reg. Z") § 1026.6(b)(2) (2022).

60. In this transaction, the lawful finance charge was $56.00.

61. By disclosing a finance charge greater than this amount, Riverside violated TILA.

62. As a result of Defendant's overcharge of the ERM fee, the material TILA disclosures were inaccurate.

63. Defendant's overcharge of the ERM fee caused the payment schedule to be incorrect.

64. The TILA disclosures are directly intended to protect consumers, like Ms. Mills and the putative class members, from inadequate and erroneous information and the subsequent aggravation and inconvenience.

65. Defendant's TILA violations added cost to the loans and misrepresented the actual finance charge, such that she and all putative class members were charged too much for their loans.

66. Defendant's TILA violations entitles Ms. Mills and the putative class members to actual damages, statutory damages of twice the finance charge capped at $2,000.00 per violation, and reasonable attorney fees.  15 U.S.C. § 1640(a) (2022).

## SECOND CAUSE OF ACTION
### Violation of Virginia Pawnbroker Statute

67. The preceding paragraphs are incorporated as if set forth fully herein.

68. Defendant made several pawn loans to Ms. Mills.

69. Pursuant to the pawnbroker statute, persons extending loans must comply with substantive requirements.  Va. Code Ann. § 54.1-4000, et. seq. (2022).

70. The statute provides that only a select type of interest and fees that can be imposed in a pawn loan. Va. Code Ann. §§ 54.1-4008, 4009, 4013 (2022).

71. Within the types of fees and interest, Virginia law places hard limits on the amount that can be imposed. Id.

72. Because of the risk of stolen goods being sold through pawn shops, the pawnbroker must make daily electronic reports to law enforcement.

73. Pawnbrokers are allowed to impose an ERM fee on customers for that reporting.

74. The ERM fee is capped for each loan at 5% or $3.00, whichever is lower. Va. Code Ann. § 54.1-4009(C)(1) (2022).

75. Riverside charged amounts for the electronic reporting or ERM fee in excess of the statutory limits and in contravention of its own contract.

76. Riverside's conduct was willful.

77. Any violation of the pawnbroker statute is a class 4 misdemeanor. Va. Code Ann. § 54.1-4014(A) (2022).

78. Any violation of the pawnbroker statute is a prohibited practice under the VCPA and entitles Ms. Mills to actual damages, statutory damages and attorney fees. Va. Code Ann. § 54.1-4014(B) (2022).

79. Specifically, Riverside's violations entitle Ms. Mills and the putative class members to three times actual damages or $1000, whichever is greater, per transaction and attorney fees and costs. Va. Code Ann. § 59.1-204 (2022).

### THIRD CAUSE OF ACTION
### Usury

80. The preceding paragraphs are incorporated as if set forth fully herein.

81. Virginia's usury cap is set at 12%. Va. Code Ann. § 6.2-303 (2022).

82. One of the exceptions to the usury cap is the Virginia pawnbroker statute. Va. Code Ann. § 6.2-303(B)(8) (2022).

83. Separate interest limitations are found in the pawnbroker statute depending upon the amount of the loan and states "No pawnbroker shall ask, demand or receive a

9

greater rate of interest" than the range of interest rates provided. Va. Code Ann. § 54.1-4008(A) (2022).

84. The rates range from 10% per month for loans of $25 or less, 7% per month for loans of $25-$100 or 5% per month on loans of $100 or more. Va. Code Ann. § 54.1-4008(A) (2022).

85. State law requires strict compliance with exceptions to the usury cap.

86. Riverside failed to comply.

87. Its loans to Ms. Mills and the putative class members first included interest at a stated rate that was maximum allowed by law.

88. In charging ERM fees in excess of the cap allowed by the law, the excess amount was additional interest beyond the amount stated in the contract.

89. Consequently, in each contract, the excess ERM fee pushed the actual interest rate above the stated rate in the contract, and to a rate above the statutory limit.

90. Charging such excess interest by Defendant is a violation of the usury laws.

91. As a result, the contracts made to Ms. Mills and the putative class members were made in violation of the usuary law are void and Defendant shall have no right to collect, receive or retain any principal, interest, fees, or other charges in connection with the contracts. Va. Code Ann. § 6.2-303(F) (2022).

## PRAYER FOR RELIEF

**WHEREFORE**, Samia Mills, by counsel, prays that this Court enter judgment on behalf of herself and the class she seeks to represent against Defendant for:

1. Certification for this matter to proceed as a class action;

2. Award statutory damages of twice the finance charge capped at $2000.00 per transaction and actual damages in accordance with the Truth in Lending Act, 15 U.S.C. § 1640(a)(2)(A) for Defendant's violations of the TILA;

3. Award actual and statutory damages pursuant to the pawnbroker statute and VCPA in the amount of $1000.00 per violation or treble actual damages, but

for non-willful violation, actual damages or a minimum of $500.00 per violation;

4.    Declare the transactions usurious and void and order the return of all principal, fees and interest collected by Defendant;

5.    Enjoin Defendant from enforcing any contracts where it charges more for the ERM fee than allowed by law;

6.    Award costs of litigation and a reasonable attorney's fee; and

7.    Award such other relief as the Court deems appropriate.

Respectfully submitted,

SAMIA MILLS
By Counsel

___/s/ Jeremy P. White_____
Jeremy P. White, Esquire
Blue Ridge Consumer Law, PLLC
722 Commerce Street, Suite 215
Lynchburg, VA 24504
Phone: 434.201.6800
Fax:    434.485.5423
VA SBN:     48917
jeremyw@consumerlawva.com
Counsel for the Plaintiff

Thomas D. Domonoske, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23606
Phone: 540.442.7706
VA SBN:     35434
tom@clalegal.com
Counsel for Plaintiff